UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OMAR GALINDEZ-VALLE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 3:12-cv-00527 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

Omar Galindez-Valle,[1] a federal prisoner presently housed at the Limestone Detention Center in Groesbeck, Texas, brings this *pro se* action pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Docket No. 1).

**I.      Procedural Background**

The defendant was formally charged with illegal reentry by a previously deported felon on March 9, 2011. (Case No. 3:11-cr-0005401, Docket No. 11). The defendant entered a plea of guilty on May 17, 2011. (*Id.*, Docket No. 17).

On August 22, 2011, this court sentenced the defendant to thirty-seven (37) months imprisonment and two (2) years supervised release for violation of Title 8, U.S.C. §§ 1326 (a) and (b)(2). *See United States v. Omar Galindez-Valle*, No. 3:11-cr-00054-1 (M.D. Tenn. 2011)(Trauger, J.). The movant did not file a direct appeal.

**II.     The Instant Motion**

---

[1] Throughout this Memorandum, Omar Galindez-Valle is referred to as Galindez-Valle, defendant, and movant interchangeably.

1

On May 21, 2012, Galindez-Valle filed the instant *pro se* motion to vacate, set aside, or correct his sentence and conviction. (Docket No. 1). The movant alleges that his defense attorney[2] provided ineffective assistance of counsel because he failed to request a two level "fast track" reduction at the time of the defendant's sentencing. (*Id.* at p. 5). The movant names the United States of America as the respondent.

Upon receipt of the motion, pursuant to Rule 4, Rules– Section 2255 Proceedings, the court conducted a preliminary examination of the motion and determined that it was not readily apparent on the face of the motion that the movant is not entitled to relief. (Docket No. 3). Accordingly, the court entered an order on May 29, 2012, directing the respondent to answer or otherwise respond to the motion. (*Id.*) The respondent filed a response urging the court to deny the motion and dismiss the action. (Docket No. 9). The movant filed a reply to the respondent's response. (Docket No. 15).

Having carefully considered the motion, the respondent's answer, and the full record, the court concludes that an evidentiary hearing is not needed. Consequently, the court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules– § 2255 Cases. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).

## III. Analysis of the Claims

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255

---

[2] The movant was represented by Dumaka Shabazz of the Federal Public Defender's Office in Nashville, Tennessee.

motion a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Grifin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

First, the movant argues that he should have been given the opportunity to pursue a two-level "fast track" reduction at the time of his sentencing. The movant had an opportunity to raise this claim on direct appeal but chose not to do so.

In response, the government first points out that the United States Attorney's Office did not offer a "fast track" program at the time of the defendant's sentencing. (Docket No. 6 at p. 2). Thus, defense counsel could not seek a reduction that was not available to the defendant in this district. Second, the government contends that the movant raises a nonconstitutional, sentencing-guideline issue which may not be the subject of a collateral attack. To some extent, the government is correct. "Relief is not available in a section 2255 proceeding for a claim of nonconstitutional, sentencing-guideline error when that error was procedurally defaulted through the failure to bring a direct appeal." *Hunter v. United States,* 160 F.3d 1109, 1115 (6th Cir. 1998)(citing *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996)). Therefore, the court will not address the straight sentencing issues that the movant has procedurally defaulted.

3

However, the movant's claims of ineffective assistance of counsel based on counsel's failure argue that sentencing disparities exist between districts that do and do not offer "fast-track" reductions are constitutional claims appropriately brought for the first time in a section 2255 proceeding.

The Sixth Amendment to the United States Constitution guarantees the right of a person accused of a crime to the effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) deficient performance of counsel and (2) prejudice to the defendant. *See Bell v. Cone*, 535 U.S. 685, 694-95 (2002). Trial counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In assessing performance, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Reasonable attorneys may disagree on the appropriate strategy for defending a client. *Bigelow v. Williams,* 367 F.3d 562, 570 (6th Cir. 2004).

The prejudice element requires a petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

A court hearing an ineffective assistance of counsel claim must consider the totality of the evidence. *Strickland,* 466 U.S. at 695. "The determinative issue is not whether petitioner's counsel

was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)(*en banc*)). "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

Because the movant is seeking relief under § 2255, he bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The movant alleges that his attorney should have asked the district court to consider a lower sentence for the defendant based upon the so-called "fast track" programs that were available in other districts but not available in the Middle District of Tennessee at the time of the defendant's sentencing. The Sixth Circuit has explained "fast-tracking" as follows:

> Fast-tracking arose initially in border areas with large illegal immigration caseloads. Prosecutors sought to clear their dockets through either charge-bargaining or agreements to move for downward departures in return for defendants' agreements not to file pretrial motions or contest issues. Congress approved and set standards for this process in the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), which required the United States Sentencing Commission to "promulgate . . . a policy statement authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney." The Sentencing Commission responded by promulgating a new Guideline authorizing a four-level reduction. U.S.S.G. § 5K3.1.

*United States v. Hernandez-Cervantes*, 161 F. App'x 508, 510 (6th Cir. 2005)(internal citations

5

omitted).

The movant's specific argument appears to be that his counsel was ineffective for failing to seek a downward departure on the theory that he was arrested in a jurisdiction that does not employ a fast-track policy, and thus he may have received a disparate sentence in violation of 18 U.S.C. § 3553(a)(6). (Docket Nos. 1 and 9). In essence, the movant believes that the disparity created by fast-track programs justified a sentence reduction in his case and, had defense counsel raised that issue, the movant's sentence would have been less than thirty-six months of imprisonment.

However, even assuming *arguendo* that counsel's decision not to raise the disparity issue constituted deficient representation, the court's comments at the defendant's sentencing strongly suggest that the court would not have agreed to a lower sentence for this particular defendant even if defense counsel had sought a reduction based on "fast-track" sentencing disparities. Defense counsel sought a reduction of the defendant's sentence based on two other grounds. Addressing those grounds at the defendant's sentencing hearing, the court reasoned:

> I recognize both of the grounds asserted by the defendant as possible reasons for downward variances and have in past cases recognized and given variances downward for those reasons. I believe that the defense is correct that 2L1.2 is not based upon empirical data and the addition of 12 offense levels in some cases looks draconian, unfair, unreasonable. **It does not look that way in this case to me** because the defendant has twice engaged in drug offenses in this country.
> 
> This is not a defendant who has earned a legitimate living throughout his stay in this country as many times is– are facts presented to me in these cases.
>
> I also recognize that there are other collateral consequences to a defendant's pleading guilty to this charge in terms of automatic deportation, basically not being eligible for early release and other credit, and sof forth. And, again, I sometimes give downward variances for these collateral consequences. **I do not feel that's appropriate in this case.**

(Docket No. 28-1 at pp.3-4, sealed)(emphasis added). In fact, the court went on to say: "I feel the guideline range here is actually lower than I would have expected it to be in this case given these two prior convictions, and I do not think that the guideline range is unreasonable in this case." (*Id.* at p. 4). The court also found that the guideline sentence imposed would "not create unwarranted sentencing disparities." (*Id.*) Given these strong statements by the court, it is unlikely that the court would have departed from the recommended guideline sentence, even if defense counsel had raised the issue of "fast-track" jurisdiction sentencing disparity. The court finds that the movant has not met his burden of showing that there is a reasonable probability that, but for counsel's alleged deficiency, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694.

In summary, the movant has presented no evidence to show by a preponderance of the evidence that he received ineffective assistance of counsel given the facts and circumstances of this case. As a result, he is not entitled to relief under § 2255 on this ground.

## IV. Certificate of Appealability

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petitioner has not made a substantial showing of a constitutional right, a certificate of appealability will not issue with respect to the movant's claims.

## V. Conclusion

Having considered the government's response, the movant's reply to the government's

7

response, and the record, the court can find no reason to vacate, set aside or correct the movant's sentence. His motion, therefore, lacks merit and will be denied.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge